BOUTALL, Judge.
Joyce L. Thomas appeals a judgment awarding her $3,500.00 damages against her insurer, based on the uninsured motorist coverage and medical coverage contained in her automobile insurance policy. On appeal she urges as error insufficiency of damages and failure to assess penalties for timely payment of her medical claims under R.S. 22:658.
On October 29,1972, plaintiff, while driving her automobile on a favored street, struck the side of a vehicle attempting to cross that street without having stopped at *956 a stop sign. The force of the collision threw her about in the front seat of her automobile causing her to suffer a blow on her leg in the thigh area, muscle strain of the back and neck and a blow to her chest caused by the steering wheel. The main issue is the effect of the blow to her chest. The trial court award is within the “much discretion” of the judge for these injuries provided there were no substantial chest injuries. On the other hand, much of her treatment and work loss was occasioned by her subsequent chest pains, and if that condition is substantially related to the trauma, it is apparent that she is entitled to damages at least quadruple the amount of the award.
The trial court rendered the following reasons for judgment:
“Mrs. Thomas described her injuries, including chest pains which were first experienced in April of 1973. The medical testimony was somewhat vague, although it is certain that Mrs. Thomas experienced chest pains prior to the accident and likely that the trauma did aggravate to an uncertain degree Mrs. Thomas’ muscular-skeletal disease.
“Mrs. Thomas sustained back, shoulder, neck and leg injuries as well as to her chest. The extent of all of these injuries was in serious dispute.”
The accident occurred on the night of October 29, 1972 and Mrs. Thomas began experiencing pain later that night. The next morning she sought medical treatment from Dr. Henry W. White. At that time he noted she was complaining of chest and shoulder pains and soreness of the left leg and that her neck was beginning to become slightly tender. He found she had tenderness over the anterior chest wall and over the anterior thigh and some loss of the cervical lordotic curve which the radiologist thought may be due to muscular strain. He offered conservative treatment and when she did not return to his office for further care, he concluded that she had no significant prolonged abnormalities from this accident.
Mrs. Thomas testified she continued to have some pain which got worse and on November 20, 1972, she sought the services of Dr. Michael Friley, complaining of pain in her left shoulder, left leg near the hip, lumbo-sacral and cervical spine areas. He found spasm of the left paraspinus cervical muscle and the left trapezius muscle in the neck, as well as the left paraspinus muscle in the lumbar region. He concluded that she was suffering a muscle strain in the cervical and lumbar region and began conservative treatment. He prescribed physical therapy, muscle relaxants and analgesics.
It was not until February 12, 1973 that she complained of any chest pains to Dr. Friley. At this time she was undergoing physical therapy, and she was complaining that the physical therapy caused her to have chest pains. (Note Miss Thomas’s testimony on page 73). At this time, it would appear that the doctor’s main concern shifted from her back and she was admitted to West Jefferson Hospital on April 3,1973 for evaluation of pain in her left leg and arm, dizziness and chest pain. There was consultation with Dr. Culicchia, a neuro-surgeon, who concurred with the therapy she was receiving. She was seen by an internist, Dr. Marra, for examination and treatment of her chest problems. She had electro-car-diograms during that time which showed evidence of an ischemic myocardial disease. It was concluded that she was suffering angina pectoris as a result of the latter.
After the hospitalization, she soon became asymptomatic as related to her back and received no further treatment for it. However, her chest pains continued and she underwent a regime of treatment from Dr. Marra. The chest pains having become worse in August, 1973, he had her readmitted to West Jefferson General Hospital for a more indepth study of her condition and for several other specialized tests not previously given. After that hospitalization it was determined that she was suffering from costochondritis, which is an inflammation of the cartilage connecting the ribs to the sternum.
*957 In relating these two conditions, angina pectoris and costochondritis, to the collision, there is a variance in the testimony of the doctors. Dr. Friley, who did not treat for costochondritis, was of the opinion that the angina pectoris was not caused directly from trauma but was caused by the ischemic myocardial disease of long standing and that the symptoms of angina could be precipitated by hypertension, stress and anxiety resulting from an automobile collision. However, that condition was ruled out by Dr. Marra with his later and more reliable diagnosis of costochondritis, which is a mus-culo-skeletal condition which could be caused as a result of trauma. He could not state positively in this case that it was, only that it was possible.
The testimony of Dr. Oelsner is that if costochondritis was due to trauma, one would expect the symptoms to appear at the time of the trauma and dissipate shortly thereafter. Considering all of the evidence in this case, it is apparent that the trial judge found only that the aggravation of the pre-existing chest condition was that occasioned for the short period of time immediately following the accident when plaintiff was treated by Dr. White, and that these later chest pains and the treatment therefor was not as a result of the automobile collision. There is ample evidence in the record to support such a finding, and we are unable to say that the trial judge is in error, except to correct the date of onset from April, 1973 to February, 1973. Accordingly, we affirm the award of damages.
The second issue herein is the failure of the insurer to timely pay the medical expenses, which would result in assessment of penalties, etc. Unfortunately, the rapid handling of this claim was interrupted by a change in attorneys caused by the death of the original attorney. The record reflects that there was an agreement in existence that the insurer would make payment after the medical bills were submitted in entirety. Relying upon this agreement, the insurer paid to the plaintiff, before trial, those bills which it believed to be pertinent to the injuries caused by the collision considering that agreement. Because of this, plus the finding of the court that the later chest pains were not related to the collision, we find no arbitrary refusal to pay.
For the reasons above stated, the judgment of the trial court is affirmed.

AFFIRMED.